## J. A. BRADLEY v. TOWANDA TOWNSHIP.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS
OF BRADFORD COUNTY.

Argued March 19, 1890—Affirmed at Bar.

A record showing a verdict for plaintiff in 1867, with a question of law
reserved, a rule for a new trial granted thereafter, and judgment en-
tered in 1868 in favor of defendant, non obstante veredicto, on the
question reserved, it was not error in the court below to discharge a
rule granted, on motion of plaintiff in 1890, to show cause why the
judgment for the defendant should not be vacated and the rule for a
new trial reinstated, although the question reserved and facts upon
which it arose did not appear of record.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM
and MITCHELL, JJ.

No. 326 January Term 1890, Sup. Ct.; court below, No. 128
December Term 1865, C. P.

On October 9, 1865, Julian A. Bradley brought debt against
the township of Towanda, to recover the sum of $300, claimed
to be due to him from the defendant as a local bounty, on his
re-enlistment as a veteran on January 1, 1864, and his credit
as such on the quota of said township.   Issue.

The record as presented in the paper-books showed that on
the trial of the cause on September 12, 1867, the jury rendered
a verdict for the plaintiff for $334.70, with this entry : " Court
reserves the question, is the plaintiff entitled to recover, award-
ing [sic] the facts to be ascertained by him."   The record showed
further that on September 17, 1867, on motion with reasons filed,
rule for a new trial granted ; that on February 17, 1868, " de-
cision of court filed ; whereupon, judgment for the defendant,
non obstante veredicto." *

On December 12, 1889, on motion of plaintiff's attorney, a
rule was granted to show cause why the decree of the court
ordering judgment to be entered for the defendant, non ob-

---

* The facts are stated as fully as they appeared on the record presented.

stante veredicto, should not be vacated, " and the motion then pending for a new trial shall not be restored." On January 9, 1890, on motion of plaintiff, another rule was granted " to show cause why judgment shall not be entered against the defendant for the amount of the verdict of the jury, upon payment of the jury fee ; same day court discharges said rule, to which plaintiff excepts, and bill sealed." Thereupon, the plaintiff took this appeal, specifying that the court erred :

" 1. In entering judgment, non obstante veredicto, for the reason that the record does not show what questions were reserved for the court to pass upon.

" 2. In refusing to make the rule absolute to strike off the judgment irregularly entered by the court for the defendant.

" 3. In not ordering that judgment be entered on the record for the plaintiff, upon the payment of the jury fee, for the sum of $334.70, with interest from September 13, 1867.

" 4. In not striking from the record · the judgment entered for the defendant, non obstante veredicto, because the aforesaid judgment was void for the reason that neither the point reserved, nor the facts upon which it arose were stated on the record."

*Mr. W. H. Hines* (with him *Mr. E. Overton*), for the appellant :

The record not showing the question of law distinctly stated and properly reserved, and the facts on which it arose being neither admitted on the record nor found by the jury, the judgment entered in favor of the defendant was void : Henry v. Heilman, 114 Pa. 499 ; Elkins v. Insurance Co., 3 Penny. 367 ; Irwin v. Wickersham, 25 Pa. 316 ; Robinson v. Myers, 67 Pa. 18 ; Wilson v. Steamboat, 25 Pa. 317 ; Winchester v. Bennett, 54 Pa. 510 ; Wilde v. Trainor, 59 Pa. 439 ; Keifer v. Eldred Tp., 110 Pa. 1 ; Miller v. Bedford, 86 Pa. 454 ; Patton v. Railway Co., 96 Pa. 169 ; Chandler v. Insurance Co., 88 Pa. 223 ; Clarion etc. R. Co. v. Hamilton, 127 Pa. 1 ; Buckley v. Duff, 111 Pa. 223 ; Ferguson v. Wright, 61 Pa. 258.

*Mr. Wm. Maxwell*, for the appellee, was not heard.

PER CURIAM :
On the argument at Bar,

Judgment affirmed.